**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00305-JLK
RIGHTHAVEN LLC, a Nevada limited liability company,

      Plaintiff,

v.

MATZOBALL ENTERTAINMENT ONLINE, LLC, a California limited liability company; and MICHAEL AIRINGTON, an individual,

      Defendants.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendants Matzoball Entertainment Online, LLC (hereinafter "MEO") and Michael Airington (hereinafter "Airington") (MEO and Airington shall collectively be referred to as "Defendants"), by and through their attorneys of record, Law Offices of Joshua G. Blum, hereby submit the following Reply to plaintiff Righthaven LLC's (hereinafter "Righthaven" or "Plaintiff") Opposition to Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I. INTRODUCTION

Righthaven's business model is seemingly predicated on coercing hasty and inequitable settlements, often times by preying on unsophisticated parties, who lack the financial resources

1

and knowledge to defend themselves in court. One of Righthaven's "strategies" to effectuate these one-sided settlements is intentionally filing lawsuits, without prior warning, in jurisdictions that are plainly improper.

This is precisely what Righthaven has done to MEO and Airington by filing this action in Colorado. In fact, a detailed review of Righthaven's Opposition demonstrates that it has absolutely no competent evidence to support proceeding with this case in the state of Colorado. When stripping away Righthaven's verbose brief to its core, it is clear that Righthaven has failed to provide even a scintilla of evidence demonstrating that this Court has personal jurisdiction over MEO or Airington.

Indeed, *foreseeability* has long been identified as a fundamental aspect of the personal jurisdiction doctrine. *See e.g. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). A defendant must reasonably anticipate being "haled" into court in a particular forum based upon the defendant's contacts with that forum. *Id.* If a defendant cannot reasonably anticipate being haled into court in that state, than the defendant does not have sufficient contact to warrant personal jurisdiction.

The conclusive evidence that MEO and Airington submitted with the Motion remains unchallenged. MEO and Airington demonstrated that not only were they unaware Colorado had any implication in the alleged infringed work, they believed the work emanated from San Francisco, California, and was originally published by a website wholly unrelated to Colorado. Defendants had no way of knowing they would be defending an action in Colorado because they had absolutely no contacts with the state of Colorado. As is evidenced by Plaintiff's Opposition, Plaintiff has failed to come forth with any facts—as it is required to do—supporting a contrary finding that personal jurisdiction against Defendants in Colorado is proper in this action.

Moreover, Righthaven's request for jurisdictional discovery is both procedurally and substantively improper. Righthaven was required to request such relief in a separate motion, which it failed to do. More importantly, even assuming the request was procedurally proper, there is absolutely no basis to grant such relief under these circumstances. Righthaven has failed to set out a *prima facie* case of personal jurisdiction.

Because Plaintiff has utterly failed to meet its burden, the Court should grant the Motion in its entirety and without permitting Plaintiff to engage in a fishing expedition regarding Defendants' non-existent contacts with Colorado.

## II. ARGUMENT

### A. Plaintiff Fails To Meet Its Burden Of Proving Personal Jurisdiction Over Defendants Through Competent Evidence

As set forth in Defendants' opening brief, Righthaven bears the burden of establishing that personal jurisdiction exists. *Soma Med. Int'l v. Std. Chtd. Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). Righthaven must establish a *prima facie* case of personal jurisdiction. *Behagen v. Amateur Basketball Association*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). It is required to "come forward with competent proof" establishing that the court has personal jurisdiction over MEO and Airington. *Pro Fit Management Inc. v. Lady of America Franchise Corporation, et. al.,* No. 08-CV-2662-JAR-DW, 2010 WL 4810227, 1 (D. Kan.2010), citing *Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989). Where, as here, the jurisdictional allegations are challenged, Righthaven has "the duty to support [its] jurisdictional allegations [] by competent proof of the supporting facts…." *Pytlik,* 887 F.2d at 1376.

MEO and Airington submitted overwhelming, conclusive evidence that there is no valid

basis for personal jurisdiction over them in Colorado. In response, Plaintiff merely refers back to its bald allegations in the Complaint, which are insufficient as a matter of law. Because Defendants have demonstrated that they are not subject to personal jurisdiction in Colorado through competent evidence, the Motion should be granted in its entirety.

### B. Plaintiff Concedes that Defendants Do Not have Sufficient Minimum Contacts To Subject Them To Personal Jurisdiction in Colorado

Plaintiff correctly concedes that it has not and cannot establish substantial or continuous contacts with Colorado warranting general jurisdiction over MEO or Airington. (Opposition "Opp" p. 6, ¶2). Likewise, by the complete dearth of evidence in support of Plaintiff's Opposition, it has effectively conceded that it cannot establish sufficient minimum contacts with Colorado such that personal jurisdiction over MEO or Airington does not offend "traditional notions of fair play and substantial justice." *See, Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Notwithstanding the complete lack of facts to support specific jurisdiction, Plaintiff claims that this Court has specific jurisdiction over Defendants according to the "effects test" as set forth in *Calder v. Jones*, 465 U.S. 783 (1985). Plaintiff's claim fails for the following reasons.

Both the second and third prongs of the "effects test" require a showing that Defendants *knew* that the alleged infringed work was associated with Colorado. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070-1071 (10th Cir.2008). The second prong requires that Defendants expressly aimed the act at Colorado. *Id.* at 1071. The third prong requires that Defendants knew the brunt of the injury would be felt in Colorado. *Id.* Curiously, Plaintiff ignores these crucial elements in its Opposition.

4

For example, Plaintiff goes to great lengths in its Opposition to describe how the TSA photograph ("TSA photo") purportedly relates to Colorado and how the injury was allegedly felt in Colorado. However, Plaintiff failed to provide any evidence to demonstrate that **Defendants** were aware of the TSA photo's alleged relationship to Colorado, or that they knew an injury would be felt there.

As set forth in Defendants' opening brief, Righthaven "must present 'something more' than the injuries [it] allegedly suffered as a result of the out-of-forum [copyright] infringement." *Allison v. Wise*, 621 F.Supp.2d 1114, 1120 (D.Colo.2007). That "something more" is the requirement that the defendant have "expressly aimed" their activities at the forum state such that the forum is the "focal point" of the tort and the injury. *Id.*; *Regional Airline Management Systems, Inc. v. Airports USA, Inc.*, 2007 WL 1059012 at *5 (D. Colo. 2007). Plaintiff in no way has met its burden of demonstrating that Defendants did "something more" by actively aiming their activities. Plaintiff did not provide any such evidence because no such evidence exists.

To the contrary, Defendants provided evidence supporting the fact that they had no knowledge whatsoever the TSA photo had any alleged relationship to Colorado or would cause any alleged harm in Colorado. Airington Decl., ¶¶20,22,23. They submitted evidence that the TSA photo emanated from a website, deadseriousnews.com, that is wholly unrelated to *The Denver Post*, and that had no connection to Colorado. *Id.* at ¶20. Defendants believed the TSA photo depicted an image taken in the San Francisco International Airport. *Id.* For the entirety of the brief period when the TSA photo was posted on MEO's website, it referenced deadseriousnews.com as the source of the article and it pointed out that the TSA photo was taken in the San Francisco International Airport, as was proclaimed on the deadseriousnews.com website. *Id.* at ¶¶21 – 22.

5

Plaintiff attempts to minimize these critical facts—Defendants' testimony that the TSA photo was obtained from "some other source"—by indicating it should be disregarded because Airington is the "registrant, administrative contact, and technical contact." (Opp. p. 11, ¶2; p. 14, ¶4). Plaintiff argues, because Airington controls what appears on MEO's website, the Court should disregard evidence that the material was obtained from a different source other than *The Denver Post*. (Opp. p. 12, ¶ 2). This argument is nonsensical and meritless. Airington's ability to control MEO's website is irrelevant to the significant fact that Defendants had no knowledge of Colorado's alleged role with respect to the TSA photo.

Even more troubling than the two mischaracterizations above is the fact that Plaintiff blatantly misstates the law with respect to the third prong. Plaintiff describes the test for the third prong to be "whether the brunt of the injury caused by the Defendants has been felt within the forum state." (Opp. p. 15, ¶2). This simply is not the test. Plaintiff ignores (either willfully or negligently) a critical element, namely, "whether the Defendants ***knew*** the brunt of the injury would be felt within the forum state." *Dudnikov* 514 F.3d at 1077 (emphasis added). As set forth above, Plaintiff provides no evidentiary support whatsoever regarding whether it was foreseeable to Defendants to be expected to defend this action in Colorado. Indeed, Plaintiff has not come forth with *any* facts to support its allegation that Defendants knew or even should have known the work allegedly emanated from Colorado and the "brunt of the injury" would allegedly be felt in Colorado.

Moreover, Righthaven's declarations are completely devoid of any ***facts*** that the brunt of the alleged injury even was felt in Colorado. The only claimed harm is the alleged impairment of some unknown, non-descript, license rights allegedly granted by Righthaven to either *The Denver Post **or*** MediaNews Group. *See,* Glines Declaration ("Decl.") ¶10. Shockingly, despite

being the Vice President of Field Operations for MediaNews Group, and providing the *only* declaration on behalf of either Media News Group or *The Denver Post*, Sara Glines could not identify a *single* license agreement that was allegedly affected, or, at a minimum, even the entity that was purportedly harmed.  *See,* Glines Decl. ¶¶ 1,10.  Likewise, Righthaven submitted two declarations in support of its Opposition to the Motion.  *See,* Mangano Decl. and Ganim Decl.  Both declarations are completely devoid of any facts setting forth how Righthaven was allegedly harmed[1].  *Id.*

In the absence of such vital facts, prongs two and three of the "effects test" cannot and have not been satisfied.  Consequently, Plaintiff has not met its burden in demonstrating that Defendants have had minimum contacts with Colorado such that they should have expected to be haled into Court there.[2]  *Burger King Corp.*, 471 U.S. at 472-74.

C. **Defendants Have Demonstrated That The Exercise of Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice**

As a preliminary matter, Defendants have not had sufficient contacts with Colorado to warrant personal jurisdiction, and therefore, the predicate for analyzing whether fairness and justice is warranted, has not been satisfied.  *Impact Prods., Inc. v. Impact Prods., LLC*, 341

---

[1] In fact, there is absolutely no explanation how the alleged infringement has affected license rights granted by Plaintiff, when it is Plaintiff who allegedly was assigned the rights to the TSA photo. *See,* Ganim Decl., ¶7, Glines Decl.¶9. It should be noted, curiously omitted from the declarations submitted by Righthaven is any express representation that *The Denver Post* assigned the rights to the TSA photo to Righthaven. *See,* Ganim Decl., ¶7, Glines Decl., ¶9, Mangano Decl., generally.

[2] With regards to the first prong of the effects test—whether Defendants' actions were intentional—Plaintiff argues that Defendants' act of putting the alleged infringed work on MEO's website "unquestionably" satisfies the first specific personal jurisdiction analysis factor. (Opp. p. 12, ¶1). However, this argument fails to consider that the Tenth Circuit has not yet determined whether a defendant's actions must be *wrongful* or whether innocent actions suffice. *Dudnikov,* 514 F.3d at 1073. The mere fact that the TSA photo was posted on the MEO website in no way demonstrates that Defendants' alleged act was wrongful.

F.Supp.2d 1186, 1190 (D.Colo. 2004).   Nevertheless, Defendants will address Plaintiff's misguided contentions.

First, Plaintiff asserts Defendants have made "wholly speculative arguments" in support of their assertion that the exercise of personal jurisdiction in Colorado would be unreasonable. (Opp. p. 16, ¶3).   But, not surprisingly, Plaintiff does not even attempt to explain why Defendants' arguments are allegedly speculative.   Consequently, Plaintiffs' bald assertions should be rejected outright.

Moreover, Plaintiff goes on to cite the alleged reasons why it believes jurisdiction would be reasonable, yet fails to cite even a single case supporting its assertions.  In other words, Plaintiff has absolutely no authority to support its claim that jurisdiction under these circumstances would be reasonable because jurisdiction under these circumstances is patently unreasonable.  The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation in an improper forum, and to ensure states do not reach beyond the limits of their jurisdiction imposed by their status in the federal system.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).  It is settled law that "when both the []conduct and the injury occur in another state, the fact that plaintiff resides in Colorado and experiences some economic consequences here is insufficient to confer jurisdiction on a Colorado court." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir. Colo. 1995) citing *Amax Potash Corp. v. Trans-Res.*, Inc., 817 P.2d 598, 600 (Colo. Ct. App. 1991).  Here, not only did the alleged conduct and alleged injury occur in another state, the Plaintiff is not even a resident of Colorado.  Colorado is an improper forum and a finding of jurisdiction would impose a substantial and undue burden on Defendants.

Second, Plaintiff misstates Defendants' argument by claiming that they stated Colorado

8

has "absolutely no interest" in adjudicating this dispute. (Opp. p. 16, ¶3). Defendants explained that none of the parties are residents of Colorado and this fact weighs in Defendants' favor with respect to the analysis set forth by the court in *OMI Holdings Inc., v. Royal Ins. Co. of Canada*, 149 F.3d. 1086, 1095 (1998). Indeed, the fact is Colorado is not providing a forum for its own residents to seek redress and there is no reasonable basis established by Plaintiff for Colorado to adjudicate this action.

Third, Plaintiff states that Defendants have not raised any additional substantive arguments regarding this issue and this somehow constitutes a concession that the forum state is the appropriate venue. (Opp. p. 17, ¶2). Again, this is a clear mischaracterization of Defendants' argument. Not only did Defendants explain the significant burden they would face litigating the case in Colorado, they also addressed Plaintiff's interest in obtaining relief, which would not be compromised should the Court dismiss the action.

Finally, Defendants do not concede that Colorado is the appropriate venue for adjudicating this dispute. They have established that the exercise of jurisdiction in Colorado would offend traditional notions of fair play and substantial justice and Plaintiffs bald assertions to the contrary should be disregarded.

### D.    Plaintiff's Authorities are Inapposite to the Facts of this Case

Plaintiff points to a number of cases—that have no binding authority—in its desperate attempt to have this Court keep the action in Colorado. However, none of the cited cases establish that Colorado has jurisdiction over either Defendant.

Most notably, Plaintiff indicates that it has prevailed over numerous challenges, in the United States District Court for the District of Nevada, based on the lack of personal jurisdiction

under the "effects test." To support its conclusion, Plaintiff cites the courts' holdings in *Righthaven LLC v. Magerwager.com, Inc.*, 2010 WL 4386499, at 3 – 5 (D. Nev. Oct. 28, 2010) and *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.*, 2010 WL 3522372, at 1 (D. Nev. Sept. 2, 2010).

Plaintiff misrepresents the findings in the above-mentioned cases. Specifically, according to Plaintiff, the court found the second prong to the "effects test" satisfied when "the alleged copyrighted material arose from such a ***forum-prominent media source.***" (Opp. p. 13, ¶1) (emphasis added). Plaintiff thus attempts to argue by analogy, given the widespread forum-based readership of *The Denver Post*, it would be consistent to find that prong satisfied here. Even a cursory review of the court's holdings evidence that Plaintiff's argument is baseless.

While the court did find that the second prong of the "effects test" had been satisfied in those cases, critically, neither case was there mention that it was satisfied solely because the alleged copyrighted material arose from a "prominent media source." Rather, the court explained that it is common knowledge that the Las Vegas Review Journal is published and distributed in Las Vegas, Nevada and that the ***defendants in those actions knew that the material at issue in those cases came from the Las Vegas Review Journal***. *Dr. Shezad*, 2010 WL 3522372 at 1. ***Thus, the defendants were imputed with the knowledge that the forum state would be Nevada.*** *Magerwager*, WL 4386499 at 4. Plainly, those cases have no bearing on the facts here. Defendants had no knowledge of *The Denver Post's* alleged role (Airington Decl. ¶¶20, 22-24) and thus, the widespread readership and prominence of *The Denver Post* is patently irrelevant to this action.

Plaintiff also attempts to rely on decisions from the Second and Ninth Circuit that address the issue of personal jurisdiction involving a claim of Internet-based copyright infringement.

10

Again, not only is this Court not bound by the holding of these cases, the facts are critically different. Any analysis in reliance on the holdings would still result in a finding that Colorado lacks personal jurisdiction over the Defendants.

For example, in *Brayton Purcell LLP v. Recordan & Recordan*, 606 F.3d 1124 (9th Cir. 1997), the court found that copying parts of a website verbatim was an express act aimed at the forum state. *Id.* at 1130. The court explained that the defendants not only ***knew*** about the plaintiff, but they ***targeted plaintiff's business and went into direct competition with them***. *Id.* In fact, in reaching its holding, the *Brayton* court expressly distinguished the facts of its case from *Cybersell v. Cybersell*, 130 F.3d 414 (9th Cir. 1997), where, as here, "there was no evidence that the defendant even knew of the existence of plaintiff." *Id.*

Similarly, in the recent Second Circuit decision, *Penguin Group (USA) Inc. v. American Buddha*, 2011 WL 1044581 (Ct. of App. N.Y. March 24, 2011), the court addressed the question of whether the harm of an injury that takes place over the Internet is felt at the location of the infringing action or the location of the principal place of business of the copyright holder. *Id.* at 2. While the court found the harm can occur at the place of business of the copyright holder, it provided assurance that the decision would not "open a Pandora's box allowing any nondomiciliary accused of digital copyright infringement to be haled into court in a New York court when the plaintiff is a New York copyright owner…" *Id.* at 6. The court went on to explain that the out-of-state defendant must still have minimum contacts and the prospect of defending a suit must still comport with traditional notions of fair play and substantial justice. *Id.* Accordingly, even the authority cited by Plaintiff demonstrates that Defendants must still have minimum contacts with Colorado such that it is fair and just to be expected to defend a case in Colorado. As discussed above and exhaustively in Defendants' Motion, Plaintiff certainly has

not met this burden.

   E. **Jurisdictional Discovery is Not Warranted Based on the Procedural Deficiency and Lack of Substantial Factual Allegations and Evidence**

  This Court should deny Plaintiff's meritless request for jurisdictional discovery. As a preliminary matter, the request is procedurally improper, and therefore, should be denied on that basis alone. A motion must be made in a separate paper, *not* in a response or reply to an original motion. *Allison*, 621 F.supp.2d at 1121, citing D.C. Colo. L.Civ.R. 7.1C. Here, as in *Allison v. Wise*, Plaintiff made the motion seeking jurisdictional discovery in its response to Defendants' Motion. *Allison*, 621 F.supp.2d at 1121. This is plainly in violation of the requirement that this motion be made in a separate paper. *Id.* As such, the request should be denied.

  Further, Plaintiff's request for jurisdictional discovery fails on substantive grounds. In *Allison v. Wise*, the court found that personal jurisdiction was not proper because the plaintiff failed to demonstrate that the defendant aimed or purposely directed his activities at Colorado—pointing out that there was not even an allegation that the defendant *knew* the plaintiff was located in Colorado. *Id.* at 1120-1121. The court found that not only was the request for jurisdictional discovery procedurally improper, it was also substantively improper because it failed to set forth allegations suggesting "with reasonable particularity the possible existence of requisite contacts with [Colorado]." *Id.* at 1121.

  While courts are given discretion to determine whether to allow jurisdictional discovery (assuming the request is procedurally proper, which it is not in this case) such discovery in general has been granted only when the plaintiff provides a threshold showing of factual allegations necessary to support the exercise of personal jurisdiction. *Id.*; *See also Regional Airline Management System, Inc.*, WL 1059012, at 6. Courts denying jurisdictional discovery are given broad discretion and have not been overturned unless a plaintiff has clearly

demonstrated there are controverted jurisdictional facts or those requiring a more satisfactory showing. *See e.g. Health Grades, Inc. v. Decatur Memorial Hosp.*, 190 Fed.Appx. 586, 589 (10th Cir. 2006); *see also Bell Helicopter Textron Inc. v. Heliquest Inter., Ltd.* 385 F.3d 1291, 1298 – 1299 (10th Cir. 2004) (finding that the plaintiff did not make a *prima facie* showing of personal jurisdiction and that the district court did not abuse its discretion by not allowing jurisdictional discovery given the "low probability that the lack of discovery affected the outcome of the case).

In this case, jurisdictional discovery should be denied due to both the fatal procedural error described above and because of significant substantive deficiencies. Plaintiff fails to set forth factual allegations that suggest "with reasonable particularity" a basis to exercise personal jurisdiction in Colorado. *Allison,* 621 F. Supp. 2d at 1121. Like the circumstances in *Allison v. Wise*, Plaintiff has not presented *any* allegations based in fact that Defendants knew where the TSA photo allegedly emanated, nor has it shown that Defendants expressly aimed their alleged conduct at Colorado or knew any alleged harm would be felt there. *Id.* at 1120.

Moreover, Plaintiff claims it must specifically take Airington's deposition because his declaration has "obvious testimonial shortcomings." (Opp. p. 18, ¶2). However, lead counsel for Righthaven, Shawn A. Mangano ("Mangano") merely asserts boilerplate hearsay objections to the declaration. Mangano fails to provide any analysis as to why particular statements could be considered hearsay or how such statements would affect the outcome of the personal jurisdiction analysis. *Bell Helicopter* 385 F. 3d at 1298 – 1299. Mangano also objects that certain statements lack foundation. Mangano Decl., ¶4. Mangano points to Airington's statements regarding the description of the deadseriousnews.com website and Airington's understanding concerning the right to distribute the content from the same. Once again, Mangano fails to

provide any analysis regarding why such statements might be objectionable. Even more significant, Mangano never even attempts to offer any reasoning as to why these statements have any bearing on whether Defendants have minimum contacts with Colorado.

In sum, Defendants strenuously object to the opportunity for jurisdictional discovery. The request should not even be considered, as Plaintiff has failed to make an appropriate motion procedurally. Further, there is no substantive basis to grant Plaintiff's request, as Plaintiff has failed to provide any controverted factual allegations that could potentially allow for the exercise of personal jurisdiction over the Defendants in Colorado. Plaintiff is not entitled to engage in a fishing expedition at the expense of the Defendants. Indeed, Plaintiff's request for jurisdictional discovery is simply another transparent attempt to unduly burden Defendants. Thus, for all of the foregoing reasons, the request for jurisdictional discovery should be denied.

### III. CONCLUSION

Based on the foregoing, Matzoball Entertainment Online, LLC and Michael Airington respectfully request that this Honorable Court dismiss this action, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED: May 16, 2011                           Respectfully submitted,


                                              By: /s/ Joshua G. Blum
                                                  Joshua G. Blum
                                                  LAW OFFICES OF JOSHUA G. BLUM
                                                  1901 Avenue of the Stars, Suite 390
                                                  Los Angeles, CA 90067
                                                  Tel: (310) 277-7714
                                                  Fax: (310) 277-7713
                                                  E-mail: jblum@blumlawpc.com
                                                  Attorneys for Defendants
                                                  MATZOBALL ENTERTAINMENT
                                                  ONLINE, LLC and
                                                  MICHAEL AIRINGTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of May, 2011 the foregoing **Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(2)** was electronically filed with the Clerk of Court using the *CM/ECF* system which will send notification of such filing to the parties at the following e-mail addresses:

SHAWN A. MANGANO
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

STEVEN G. GANIM
sganim@righthaven.com
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909


DATED: May 16, 2011                            /s/ Joshua G. Blum